**Shirley DAVISON, Plaintiff,**

v.

**William A. HALTER, Acting Commissioner of Social Security,[1] Defendant.**

**No. Civ.A. 00–0664–CB–C.**

United States District Court, S.D. Alabama, Southern Division.

April 2, 2001.

Bryon A. Lassiter, Booker & Lassiter, P.C., Mobile, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

***ORDER***

BUTLER, Chief Judge.

After due and proper consideration of all portions of this file deemed relevant to the

---

**1.** Effective January 20, 2001, William A. Halter was appointed by the President to succeed Kenneth S. Apfel and serve as Acting Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Halter is substituted for Apfel as the proper defendant in this case.

issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated February 28, 2001 is **ADOPTED** as the opinion of this Court.

## *REPORT AND RECOMMENDATION*

CASSADY, United States Magistrate Judge.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. This action has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the February 13, 2001 hearing before the Magistrate Judge, it is determined that the Commissioner's decision denying benefits should be affirmed.

Plaintiff alleges disability due to back pain, depression, hypertension and diabetes mellitus. The Administrative Law Judge (ALJ) made the following relevant findings:

3. The medical evidence establishes that the claimant has the following severe impairments: chronic low back syndrome, hand pain and depression. The claimant also has the following non-severe impairments: diabetes and hypertension. The claimant, however, does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's testimony of disabling impairments, including pain, is not credible in light of the evidence which shows the claimant retains the ability to perform medium work activity.

5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for lifting more than 50 pounds (20 CFR 404.1545 and 416.945).

6. The claimant's past relevant work as cook did not require the performance of work-related activities precluded by the above limitation(s) (20 CFR 404.1545 and 416.945).

7. The claimant's impairments do not prevent the claimant from performing her past relevant work as a cook.

(Tr. 19) The Appeals Council affirmed the ALJ's decision (Tr. 5–6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## *DISCUSSION*

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a cook, is supported by substantial evidence. Substantial evidence is

defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986).[2]

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen,* 816 F.2d 578, 581 (11th Cir.1987) (citations omitted). Social Security Ruling 82–61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work. They are as follows:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[3]
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[4]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82–61.

In this case, the ALJ relied upon test two above to determine that the claimant can perform her past relevant work. (*See* Tr. 18 ("According to the claimant as a cook she did not have to perform any lifting. She also testified that she was able to sit for four hours of her eight hour shift. This job as described by the claimant was a sedentary job exertionally."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work. Social Security Ruling 82–62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her PRW to determine whether the individual can still do that work." *See also Lucas v. Sullivan,* 918 F.2d 1567, 1574 n. 3 (11th Cir.1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

---

2. This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

3. As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

4. The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."

.    .    .    .    .

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82–62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

The ALJ's decision in this case is supported by substantial evidence. Prior to setting out why the ALJ's decision in this case is due to be affirmed, the undersigned notes that the plaintiff, in her proposed report and recommendation, contended not only that the ALJ's finding that she has the residual functional capacity to perform medium work is not supported by substantial evidence but also that her brief three-month stint as a cook cannot be construed as past relevant work because it was not substantial gainful activity. During oral argument, however, plaintiff's counsel conceded that plaintiff's past job as a cook was substantial gainful activity and, therefore, the sole focus for this Court becomes whether the ALJ properly determined that plaintiff retains the residual functional capacity to perform medium work and can therefore, perform her past job as a cook which she described as sedentary to light in nature (*compare* Tr. 51 (claimant's testimony that she did no lifting and could sit approximately four out of eight hours) *with* SSR 83–10 ("The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.... Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.... Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total

no more than about 2 hours of an 8–hour workday.... The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday.")).

Substantial evidence of record not only supports a conclusion in this case that plaintiff retains the residual functional capacity to perform the exertional requirements of a full range of light work (Tr. 67 & 85 (residual functional capacity assessments from two non-examining physicians reflect findings compatible with the full range of light work, that is, the ability to occasionally lift and carry up to twenty pounds, the ability to frequently lift and carry up to 10 pounds, the ability to stand and walk about 6 hours out of an 8–hour workday, the ability to sit about 6 hours out of an 8–hour workday, and an unlimited ability to push and/or pull hand and/or foot controls); *see also* Tr. 216–220), but also the conclusion made by the ALJ that plaintiff retains the residual functional capacity to perform the full range of medium work (Tr. 216–220). In this latter regard, the undersigned specifically notes Dr. Hardy Downing's conclusion that any restrictions experienced by the plaintiff would be "self-imposed[,]" (Tr. 218) due undoubtedly to the dearth of positive physical findings on examination (Tr. 217 ("Upper Extremities: There are no joint deformities or vascular deficits. There is full and normal range of motion of the shoulders, elbows, hands and fingers; there is no evidence of any deformity in any of the joints. Grip strength is normal. Lower Extremities: There are good pulses without edema. Range of motion is preserved in all joints. The applicant is able to stand on her toes and heels. She states that she does not wish to try to stoop to the floor. Reflexes are normal. Straight leg raising tests are negative. Lumbar Spine: Normal to inspection. There is restricted forward bending due to stiffness and pain, at 45 degrees. Lateral bending is normal.")). Moreover, Dr. Thomas H. Lane, following an examination of plaintiff, concluded that Ms. Davison "should have no trouble with job related activities such as sitting, standing, walking, handling objects, hearing, speaking or traveling. Due to the fibromyalgia, she may have some trouble with excessive lifting or carrying heavy objects." (Tr. 220) This conclusion by Dr. Lane supports the finding that plaintiff can perform the full range of medium work, as do his physical findings on examination (*see id.* ("Back: Normal spinal alignment. No SI, sciatic knotch tenderness. The patient could bend and get within 18 inches of the floor, bend to either side 10 degrees, hyper-extend 15 degrees. There is full range of motion of the shoulders, elbows, hips, knees, ankles, wrists. There is no evidence of deformity of any joint. There is no warmth, erythema or effusion of any joint. The patient has good grip strength. She can turn a doorknob, hold a pencil, manipulate a dime. There is no evidence of any muscle wasting. The patient can stand on her toes, stand on her heels. She cannot walk on her toes. She can rise from the sitting position without assistance. She cannot rise from the squatting position without assistance. Neurological: Oriented times four. Cranial nerves 2–12 are intact. Strength is ⅚ throughout. Normal light touch, deep tendon reflexes.")), inasmuch as he notes no restrictions relating to plaintiff's ability to sit, stand or walk and his restriction against the excessive lifting or carrying of heavy objects can consistently be read to exclude only heavy and very heavy work under the Commissioner's regulations, *compare* 20 C.F.R. § 404.1567(d) & (e)

("Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.... Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more.") *with* 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."). It is clear to the undersigned that the objective medical evidence supplied by Drs. Downing and Lane, along with the observation from Drs. W.G. Brantley and Charles H. Smith t@hat plaintiff is employable from a psychological point of view (Tr. 223), provides substantial support for the ALJ's conclusion that Davison retains the residual functional capacity to perform the requirements of medium work and can therefore, perform the requirements of her past relevant work as a cook as she performed that job.[5]

## CONCLUSION

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be affirmed.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

February 28, 2001.

---

**5.** Even if the undersigned was to conclude that the record does not contain substantial evidence supporting the finding that plaintiff retains the residual functional capacity for medium work, the result in this case would be no different since it is all too clear that there is overwhelming evidence which supports a finding that plaintiff can perform the requirements of light work and can therefore, perform her past relevant work as a cook. While an individual similar in age, etc. to the plaintiff in this case would be disabled under the grids if she was limited to sedentary work, *see* 20 C.F.R. § 201.00, Rule 201.10, she would not be disabled if limited to light work, *see* 20

C.F.R. § 202.00, Rules 202.10 & 202.11, or medium work, *see* 20 C.F.R. § 203.00, Rule 203.19.