[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11021
Non-Argument Calendar
_____

D. C. Docket No. 04-00678-CV-WS-L

CLIDY M. DAVIS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 21, 2006)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Clidy Davis appeals the district court's order affirming the

Commissioner of Social Security Administration's (Commissioner) denial of her applications for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(c)(3). On appeal, Davis argues that the Administrative Law Judge (ALJ) erred in concluding that she could perform the full range of medium work on a sustained basis because her hyperthyroidism and hypertension are severe impairments and, by definition, they are non-exertional impairments that limit her ability to do basic work activities. Further, Davis argues that the ALJ erred in determining that Davis's depression was not a severe impairment.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "We will not disturb the Commissioner's decision if, in light of the record as a whole, it appears to be supported by substantial evidence." *Id.*

## A. Medium Work

An individual who applies for Social Security disability benefits or supplemental security income must prove their disability. *See* 20 C.F.R. § 404.1512; 20 C.F.R. § 416.912. Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or

2

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a). To determine the physical exertion requirements of work in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds. 20 C.F.R. § 404.1567(c). If an individual can perform medium work, then they are also capable of performing light or sedentary work. *Id*.

After reviewing the record, we conclude that substantial evidence supports the ALJ's determination that Davis could perform a full range of medium work. First, an Alabama state medical consultant performed a residual functional capacity examination using Davis's medical records and found that she could perform a full range of medium exertional work. The consultant found that Davis had the capacity to occasionally lift 50 pounds and frequently lift 25 pounds. Davis could also stand or sit for six hours of an eight-hour work day. The consultant found that Davis had no other physical limitations that would prohibit her from performing the full range of medium work. There is also evidence that Davis appeared, at

3

times, to be asymptomatic for any particular impairments. Additionally, medical evidence shows that Davis's hyperthyroidism and hypertension can be treated with medication and radiation therapy. Lastly, Dr. Schulte indicated that Davis could regain her condition through exercise.

## B. Depression

An impairment or combination of impairments is "severe" if it "significantly limits [the] claimant's physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). "Basic work activities" include the abilities to: (1) walk, stand, sit, lift, pull, reach, or carry; (2) see, hear, and speak; (3) understand, carry out, and remember simple instructions; (4) use judgment; (5) respond appropriately to supervision, co-workers, and unusual work situations; and (6) deal with changes in a routine work setting. 20 C.F.R. § 404.1521(b). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly "not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). The severe impairment either must have lasted or must be expected to last for at least 12 months. *Barnhart v. Walton*, 535 U.S. 212, 216, (2002).

The ALJ must state with particularity the weight given different medical

4

opinions and the reasons for doing so, and the failure to do so is reversible error. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Generally, the opinions of examining physicians are given more weight than non-examining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists. 20 C.F.R. § 404.1527(d)(1), (2) & (5). The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

Based on our review of the record, we conclude that substantial evidence supports the ALJ's implicit determination that Davis's depression was not a severe impairment. Dr. Smith, an evaluating doctor, stated that Davis's diagnosis was a "toss up" between no diagnosis and adjustment disorder, and he noted that Davis's impairments were not grave. Further, the ALJ clearly noted that he gave little weight to Dr. Crum's opinion because Dr. Crum had noted that Davis overstated her problems, indicating that she exaggerated symptoms. Similarly, the ALJ found that Dr. Tocci's opinion was self-contradictory because it simultaneously noted the opposite impressions that Davis was both "mildly distressed" and living with "major depression." Having clearly noted the little weight he gave to Doctors Crum and Tocci's opinions, the ALJ relied on the opinion of Dr. Smith that Davis's depression was not grave. The ALJ articulated his reasons for discrediting

5

the other evaluating doctors' opinions, which is supported by the record.

Because substantial evidence supports the ALJ's decision that Davis could perform the full range of medium work and that Davis's depression was not a severe impairment, we affirm the district court's order affirming the Commissioner's denial of benefits.

**AFFIRMED.**