[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

No. 09-12367
Non-Argument Calendar

_____

D. C. Docket No. 07-00504-CV-OC-GRJ

JOYCE L. PARKS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 16, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joyce L. Parks appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability benefits, pursuant to 42 U.S.C. § 405(g). Parks contends the ALJ committed reversible error by (1) giving reduced weight to the opinion of Dr. Reheem, one of Parks' treating physicians, and (2) discounting Parks' subjective reports of pain. We address each issue in turn, and affirm.[1]

I.

Parks contends the ALJ erred by discounting the medical opinion of one of her treating physicians, Dr. Reheem, because good cause did not exist to reject the opinion and the ALJ failed to provide adequate reasons for rejecting the opinion. The ALJ may reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). Absent the existence of "good cause" to the contrary, however, the ALJ must give the treating physician's testimony substantial weight. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary

---

[1] When "the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's factual findings with deference, and the "factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). However, we review the Commissioner's legal conclusions *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41.

If the ALJ disregards the opinion of a treating physician, the ALJ must clearly articulate his reasons. *Id.* at 1241. We have found no reversible error "[w]here our limited review precludes re-weighing the evidence anew, and [where] the ALJ articulated specific reasons for failing to give [the treating physician's] opinion controlling weight" and these findings are supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). When the ALJ does not give the treating physician's opinion controlling weight, the ALJ applies other factors such as the length of treatment, the frequency of examination, the nature and extent of the relationship, the supportability of the opinion, its consistency with other evidence, and the specialization of the physician. *See* 20 C.F.R. § 416.927(d)(2)-(6).

The ALJ expressly addressed the weight given to Dr. Reheem's opinion. Specifically, the ALJ found Dr. Reheem's opinion was not supported by his own records or the opinions of Drs. Inga and Kaplan who also treated Parks. In particular, Dr. Reheem repeatedly noted that pain medication controlled Parks' pain to a tolerable level. In August 2006, Dr. Reheem did not note a change in Parks' condition. Nonetheless, in September 2006, he opined that Parks was

disabled. Moreover, Dr. Inga, another of Parks' treating physicians, opined in February 2006 that Parks could work in a sedentary type of job where she lifted nothing heavier than 20 pounds and avoided certain repetitive motions. Substantial evidence in the record supports the ALJ's decision not to give Dr. Reheem's testimony great weight.

## II.

Parks asserts the ALJ erred by rejecting her credibility about her pain without any basis in the record. "[A] claimant's subjective complaints of pain cannot in and of themselves serve as conclusive evidence of disability. The record must document by medically acceptable clinical or laboratory diagnostic techniques the existence of a medical impairment which could reasonably be expected to produce the disabling pain." *Chester v. Bowen*, 792 F.2d 129, 132 (11th Cir. 1986). A three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires: (1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Id.*

When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In articulating his reasons, the ALJ need not specifically refer to every piece of evidence, so long as the decision "is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered [the] medical condition as a whole." *Id.* at 1210-11 (quotation omitted). A clearly articulated credibility determination supported by substantial evidence will not be disturbed. *Feet v. Cater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Parks' claim the ALJ erred by discrediting her pain testimony and doing so without adequate explanation is without merit. The ALJ expressly based the credibility determination on Parks' ability to take care of her personal needs, including errands, driving, and attending church, and the fact that her medication was controlling her pain. The record supports the ALJ's conclusion because it shows Parks was able to cook, clean, run errands, drive, and attend church weekly. Additionally, medical evidence shows Parks' medication reasonably controlled her pain. Thus, the ALJ's rejection of Parks' subjective pain testimony was based on adequate reasons as the effectiveness of Parks' medication and her ability to

5

perform chores, drive, and attend church are inconsistent with her testimony of debilitating pain.

**AFFIRMED.**