[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15625
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01361-CV-T-23-MCR

THOMAS CARSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Thomas Carson appeals from the district court's order affirming

the Commissioner's denial of his application for disability insurance benefits, 42 U.S.C. § 405(g). First, Carson argues that he is entitled to remand under sentence six of § 405(g) because the Appeals Council's order remanding his case to the Administrative Law Judge ("ALJ") was not included in the record before the Appeals Council. Second, Carson argues that the ALJ failed to set forth good cause for giving less than significant weight to the opinions of Dr. Guillermo Suarez and Dr. Eduardo N. Raheb and erred by failing to consider, or give great weight to, the opinion of Dr. Harry B. Sperber or the Veterans Administration ("VA") concerning his gastroesophageal reflux disease ("GERD").

In the social security context, we review *de novo* the legal principles underlying the ALJ's decision, but "we review the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). We may not reweigh the evidence or substitute our own judgment for that of the ALJ, even if we find that the evidence preponderates against the ALJ's decision. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). We review *de novo* a district court's determination whether remand for

2

consideration of new evidence is appropriate. *Vega v. Comm'r Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

The first issue is whether we should remand under sentence six of 42 U.S.C. § 405(g) because the Appeals Council's April 20, 2007, order that remanded Carson's case back to the ALJ was not included in the record before the Appeals Council. Sentence six of 42 U.S.C. § 405(g) permits the district court to remand a cause to the Commissioner for consideration of new evidence. *Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To be entitled to remand to the Commissioner, the claimant must show that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). However, "not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id.* at 876 (internal quotation marks omitted). Accordingly, sentence six encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might

3

have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 2664, 110 L. Ed. 2d 563 (1990)).

Because we conclude from the record that the Appeals Council's April 20 order is not new evidence, and its inclusion in the record before the Appeals Council would not reasonably change the administrative outcome, we deny Carson's request for remand under sentence six of 42 U.S.C. § 405(g).

The second issue is whether the ALJ set forth good cause in rejecting the opinions of Dr. Suarez and Dr. Raheb as to Carson's back condition, and Dr. Sperber and the VA as to Carson's GERD. Controlling weight generally should be given to a treating physician's opinion regarding the nature and severity of a claimant's impairments if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was

4

conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Accordingly, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

"The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. However, where an ALJ articulates specific reasons for failing to accord the opinion of a treating physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore*, 405 F.3d at 1212.

We hold that the ALJ articulated particular reasons for giving less than significant weight to the opinions of Dr. Suarez and Dr. Raheb and those reasons were supported by substantial evidence. Moreover, the ALJ's finding that Carson failed to show that his GERD began prior to the date of last insured, which was an implicit rejection of the opinions of Dr. Sperber and the VA, was supported by substantial evidence.

Accordingly, we affirm the district court's order affirming the Commissioner's denial of Carson's application for disability insurance benefits.

**AFFIRMED.**