[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11192
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00263-GRJ

DANTON WILLIAMS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 10, 2014)

Before TJOFLAT, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Danton Williams appeals the district court's judgment affirming the Social Security Administration's denial of his application for supplemental security income pursuant to 42 U.S.C. § 1383(c)(3).  The administrative law judge ("ALJ") determined that Williams was not disabled and therefore denied the claim.  On appeal, Williams argues that we must vacate the district court's judgment on the ground that substantial evidence does not support the ALJ's finding that he had only a mild impairment of concentration, persistence, and pace.  We are not persuaded and accordingly affirm.

We review the Commissioner's decision for substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Substantial evidence is "more than a scintilla" and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Id.* (quotations omitted). We will not reweigh the evidence, decide the facts anew, or substitute our judgment for that of the Commissioner.  *Id.*

The ALJ must use the following five-step, sequential evaluation process when determining whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity;  (2) whether the claimant has a severe impairment or combination of impairments;  (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments;  (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant

2

can perform given the claimant's RFC, age, education, and work experience.

*Id.*

In evaluating a claimant's mental impairments, the ALJ must make separate evaluations on a four-point scale regarding how the impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). The ALJ must then incorporate the results of this technique into his findings and conclusions. *Id.* at 1213-14.

The Listing of Impairments provides that affective disorders are characterized by "disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 112.04. The claimant satisfies the level of severity required for affective disorders when the requirements of both paragraphs A and B are satisfied, or when the requirements in paragraph C are satisfied. *Id.* To satisfy paragraph B, the claimant must show *at least two* of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *Id.*

Credibility determinations are within the ALJ's province. *Moore*, 405 F.3d at 1212. Although the opinion of an examining physician is generally entitled to

3

greater weight than that of a non-examining physician, the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).  When evidence, including opinion evidence, is inconsistent, the ALJ has no duty to consider it.  *See* 20 C.F.R. § 416.920b (providing that, if any record evidence is inconsistent, the ALJ will take the additional step of weighing the relevant evidence to determine disability). However, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion."  *Id.*  § 404.1527(c)(4).

A vocational expert's ("VE") expert testimony constitutes substantial evidence if the ALJ poses a hypothetical question that comprises all of the claimant's impairments, including limitations in maintaining concentration, persistence, and pace.  *See Winschel*, 631 F.3d at 1180-81 (holding that the ALJ erred in failing to include a hypothetical to the VE that accounted for Winschel's moderate limitation in maintaining concentration, persistence, and pace).

We conclude that substantial evidence supports the ALJ's finding that Williams had only mild difficulties with regard to concentration, persistence, or pace, and Williams's arguments to the contrary are unconvincing.  First, a Global Assessment of Functioning ("GAF") score is not dispositive when determining disability.  *See* 20 C.F.R. § 404, Subpt. P, App. 1, Listing 112.04 (listing requirements to find a claimant with an affective disorder disabled); *see also*

Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000) (the Commissioner noting that the GAF scale does not have a direct correlation to the severity requirements in the mental disorders listings).  Second, although the physicians at the University of Florida's Shands Hospital recommended that Williams be involuntarily committed pursuant to the Baker Act,[1] that determination has no bearing on the ALJ's finding regarding concentration, persistence, or pace—the only issue Williams raises on appeal.  Finally, the ALJ did not err because the hypothetical to the VE comprised all of Williams's impairments, including limitations in maintaining concentration, persistence, and pace.  *Cf. Winschel*, 631 F.3d at 1180-81.

      AFFIRMED.

---

[1] Under Florida's Baker Act, a person may be "placed involuntarily in a treatment facility if clear and convincing evidence indicates that the person is mentally ill, and, *inter alia*, there is a substantial likelihood that, based on recent behavior, the person will inflict serious bodily harm on himself or another person."  *Turner v. Crosby*, 339 F.3d 1247, 1256 n.7 (11th Cir. 2003) (citing Fla. Stat. § 394.467).