[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14374
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01753-PAZ

PAULA K. RICE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Paula Rice appeals the Commissioner of Social Security's denial of

Supplemental Security Income, 42 U.S.C. § 1383(c)(3).  Rice raises a single issue:

the Administrative Law Judge's rejection of a report prepared by a consulting psychologist, Dr. Eastridge, at the request of Rice's attorney.

We review "the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). The claimant bears the burden of proving her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). We do not reweigh the evidence, and we will affirm the Commissioner's decision if it is supported by substantial evidence even if "the proof preponderates against it," or we would have reached a different conclusion. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Medical opinions on the nature and severity of the claimant's impairments may support the ALJ's determination of whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1527(a)(2). The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir.

2011).   The ALJ may reject the opinion of any doctor if the evidence supports a different conclusion.  Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985).

After an October 2011 examination of Rice, Dr. Eastridge reported that Rice was alert and oriented during the evaluation, but difficult to keep on topic, hypomanic, and agitated.  Eastridge opined that Rice suffered impaired cognitive abilities and would face interpersonal difficulties.  He found her descriptions of her manic and depressed episodes credible.

The ALJ rejected Dr. Eastridge's report.  In doing so, the ALJ stated that the report deserved "little weight as it appears to have been made in an effort to generate evidence for this application and appeal, rather than in a genuine attempt to obtain relief from the allegedly disabling symptoms."  Rice relies on that statement to argue that the ALJ's rejection of the opinion was improper.  But the ALJ also explained that Dr. Eastridge's opinion was inconsistent with Rice's previous evaluations and that Rice had reported worse symptoms to Eastridge than she did during other evaluations.  Eastridge's report, based on a single examination and Rice's description of her own symptoms, was not entitled to deference.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (explaining that the ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician).  The ALJ adequately

3

explained the reasons for discounting Eastridge's opinion.  Winschel, 631 F.3d at 1179; Sryock, 764 F.2d at 835.

Further, the ALJ's conclusion that Rice was not entitled to Supplemental Security Income is supported by substantial evidence.  During her treatment from October 2009 through 2011, Rice repeatedly stated that although she suffered from intermittent anxiety, her medication was helping her depression and mood.  A January 2010 evaluation determined that Rice's medicines were giving her relief, her attention and concentration were intact, and she showed no symptoms of a thought disorder.  At each appointment she was appropriately dressed, cooperative, and interactive with staff.  Her thoughts were logical.  And although her speech was sometimes "pressured," her cognitive functioning was intact.  Then, at Rice's evaluation by Dr. Eastridge in October 2011, she reported symptoms more severe than the medical records showed.

Rice argues that the ALJ failed to consider the apparent deterioration in her condition from November 2010 through Dr. Eastridge's evaluation in October 2011.  But even though the record shows an increase in her stress level and anxiety after November 2010, the record also shows that her mood was stable, her medication was helping her depression, her interactions with medical staff were consistently appropriate, and she continued to have logical thought processes and

4

grossly intact cognitive abilities.  We do not reweigh the evidence.  The ALJ's decision was supported by substantial evidence.

**AFFIRMED.**