[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13864
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00131-WTH-GRJ

KELLY-JO MULLEN,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 22, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kelly Jo Mullen appeals the district court's order affirming the decision by

the Social Security Administration ("Commissioner") denying her application for

disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405(g).  On appeal, she argues that the finding by the Administrative Law Judge ("ALJ") that Mullen was not disabled because she had the residual functional capacity ("RFC") to perform sedentary work and could return to her past work as a quality assurance analyst was not supported by substantial evidence.

We review *de novo* the legal principles upon which the Commissioner's decision is based, and review the resulting decision only to determine whether it is supported by substantial evidence.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is less than a preponderance, and requires only such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Id*.  In conducting this limited review, we may not decide the facts anew, make credibility determinations, or re-weigh the evidence.  *Id*.

An individual claiming Social Security disability benefits must prove that she is disabled.  *Moore*, 405 F.3d at 1211.  For DIB claims, a claimant is eligible for benefits when she demonstrates disability on or before the date for which she was last insured.  *Id*.; 42 U.S.C. § 423(a)(1)(A).  The social security regulations establish a five-step evaluation process used to determine eligibility for DIB claims.  20 C.F.R. § 404.1520(a)(4).

At step four of the analysis, the ALJ must assess the claimant's RFC and ability to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  The RFC is

a measure of what the claimant is able to do despite the limitations caused by her impairments.  20 C.F.R. § 404.1545(a).  If the claimant is able to return to her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv), (f).  The regulations place "a very heavy burden" on the claimant to demonstrate a qualifying disability and an inability to perform past relevant work.  *Moore*, 405 F.3d at 1211.

In determining the RFC, the ALJ must consider all relevant medical and other evidence.  20 C.F.R. § 404.1520(a)(e). The ALJ is required to weigh all the medical opinions received, and generally gives more weight to the opinions of treating or examining physicians than to the opinions of physicians that have not treated or examined the claimant.  20 C.F.R. § 404.1527(c).  However, in weighing medical evidence, the ALJ considers many factors, including whether the opinion is well-supported and consistent with the record, and the length and nature of the relationship between the physician and the claimant.  *Id*.  The ALJ must state with particularity the weight given to different medical opinions and the supporting reasons.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

A report from a non-examining physician does not, on its own, constitute substantial evidence supporting an administrative decision, and is entitled to little weight if it contradicts the opinion of an examining physician.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  However, the ALJ is free to reject any

medical opinion when the evidence supports a contrary conclusion.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

Mullen was required to prove that she was disabled on or before December 1, 2008, her date last insured.  *See Moore*, 405 F.3d at 1211; 42 U.S.C. § 423(a)(1)(A).  Dr. Chodosh's opinion, which expressly stated that the limitations he recognized first presented in 2010, was not relevant to the determination of disability during the period between Mullen's alleged onset date and her date last insured, and was inconsistent with medical and opinion evidence related to that time period.  Accordingly, substantial evidence supported the ALJ's decision to disregard that opinion.  *See Sryock*, 764 F.2d at 835.  Furthermore, Dr. West's expert opinion and medical evidence from the relevant time period, both of which indicated that Mullen had received successful treatment for her heart condition, constituted substantial evidence supporting the ALJ's determination that, as of the date last insured, Mullen retained the RFC to perform sedentary work.  Because the vocational expert testified that Mullen's past work as a quality assurance analyst was performed at the sedentary level, there was substantial evidence supporting the ALJ's conclusion that Mullen could return to such work and was, therefore, not disabled.  See 20 C.F.R. § 404.1520(a)(4)(iv), (f); *Moore*, 405 F.3d at 1211.

**AFFIRMED.**