[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12012
Non-Argument Calendar
_____

D. C. Docket No. 8:11-cv-02682-VMC-EAJ

ANNE WADE STONE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 14, 2013)

Before MARCUS, FAY, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Anne Wade Stone appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of disability insurance benefits

("DIB") and supplemental security income ("SSI"), pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).  On appeal, Stone argues that the ALJ's residual functional capacity ("RFC") assessment and the hypothetical posed to the vocational expert ("VE") were incomplete because the ALJ failed to include all of her limitations as set forth by the doctor to whose opinion the ALJ stated he was affording the most weight.  Specifically, Stone argues the ALJ failed to include her severe limitations on overhead reaching that the doctor opined she had, as well as her severe limitation as to bending, lifting, carrying, and squatting.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  To the extent that Stone challenges the district court's findings, her arguments are not relevant because we review only the ALJ's decision.  *See Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005).  We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*  (internal quotation marks omitted).

In determining whether a claimant has proven that she is disabled, the ALJ must complete a five step sequential evaluation process. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The claimant has the burden to prove that (1) she "has not engaged in substantial gainful activity," (2) she "has a severe impairment or combination of impairments," and (3) her "impairment or combination of impairments meets or equals a listed impairment" such that she is entitled to an automatic finding of disability, or if not, (4) she "is unable to perform her past relevant work." *Id*. "At the fifth step, the burden shifts to the commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id*. If the Commissioner demonstrates that there are jobs that the claimant can perform, the claimant must prove that she is unable to perform those jobs to establish disability. *Id.*

At step four of the evaluation process, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(e). The RFC is an assessment of a claimant's ability to do work despite his impairment. *Id*. (citing 20 C.F.R. § 404.1545(a)). In assessing a RFC, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). To support a

conclusion that the claimant is able to return to her past relevant work, the ALJ must consider all of the duties of the work and evaluate the claimant's ability to perform them in spite of her impairment. *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990). Generally, VE testimony is not necessary to determine whether a claimant can perform her past relevant work. *Id*. at 1573 n.2. However, the regulations permit the ALJ to consider a VE's opinion when making this determination. 20 C.F.R. § 404.1560(b)(2). "In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ is not required to include findings in a hypothetical question that the ALJ properly rejected as unsupported. *See Crawford*, 363 F.3d at 1161.

Social security regulations provide guidelines for the ALJ to use when evaluating medical opinion evidence. 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing medical evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and a doctor's specialization. *Id*. §404.1527(c). These factors apply to both examining and nonexamining doctors. *Id*. §§ 404.1527(e), 416.927(e) A treating physician's opinion must be given substantial or considerable weight unless "good cause" is shown to the contrary.

4

*See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources . . .").  The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician.  *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).  In the end, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

The regulations define sedentary work as involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools" and only occasional walking and standing.  20 C.F.R. § 404.1567(a).  According to the Dictionary of Occupational Titles ("DOT"), the position of social worker is considered "sedentary work," meaning it requires the exertion of up to ten pounds of force occasionally (up to 1/3 of the time), a negligible amount of force frequently (1/3 to 2/3 of the time), and sitting most of the time, but may involve walking or standing for brief periods of time.  DOT § 195.107-030.  The DOT explicitly states that it does not require climbing, balancing, stooping, kneeling, crouching, or crawling.  *Id*.  It states that reaching is only occasionally required.  *Id.*

At her hearing before the ALJ, Stone testified that she was unable to perform her former job as a social worker because of pain in her neck, back, and right arm. Even though she had been on medical disability since 2002, she had hurt her back

5

and neck in 2006 when she was moving and lifting some boxes.  Hospital records showed that Stone had been diagnosed with degenerative disease of the cervical spine, and that she had a post anterior cervical discectomy and fusion at the levels of the C5-6 and C6-7 vertebrae.  Pursuant to a referral from the Florida Division of Disability Determination, Dr. Fathy Saad examined Stone and opined that because of her neck and back condition, Stone should be moderately to severely restricted from carrying, lifting, bending, squatting, or overhead reaching.  Dr. Joan Watkins conducted an independent medical exam of Stone and diagnosed Stone with left spastic hemiparesis with dysarthria.  She opined that Stone had limitations on lifting, should never climb, balance, stoop, crouch, kneel, or crawl, and her ability to reach was affected by her impairment.

In formulating Stone's RFC, the ALJ gave Dr. Sadd's opinion great weight and less weight to Dr. Watkins's opinion.  The ALJ concluded that Stone had the RFC to perform sedentary work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling, but without frequent overhead work.  At the hearing, the ALJ posed a hypothetical to the VE that recited the RFC almost verbatim.

We conclude from the record that substantial evidence supports the ALJ's determination that Stone was not disabled.  First, the ALJ explicitly accorded the most weight to Dr. Saad's opinion and gave less weight to Dr. Watkins's opinion.

6

The ALJ did not err in making this determination because, as found by the ALJ, Dr. Watkins's opinion was not supported by the record and, because she was not a treating physician, her opinion was not required to be given substantial or considerable weight. *See* 20 C.F.R. § 404.1527(c)(2). Accordingly, we conclude that the ALJ did not err in according Dr. Watkins's opinion less weight than Dr. Saad's.

Stone's argument that the ALJ failed to include all of her limitations in the RFC and hypothetical question to the VE is without merit. Dr. Watkins opined that Stone should never climb, balance, stoop, crouch, kneel, or crawl, and her ability to reach was affected by her impairment. Because the ALJ correctly determined that this opinion was to be accorded less weight and was not supported by the medical evidence and Stone's testimony regarding her daily activities, the ALJ was not required to include these limitations in the RFC and hypothetical. *See Crawford*, 363 F.3d at 1161.

Moreover, the ALJ's RFC assessment and hypothetical included all of Dr. Saad's limitations. Dr. Saad opined that Stone was moderately to severely restricted from carrying, lifting, bending, squatting, and overhead reaching because of her back and neck condition. Dr. Saad did not expound upon the meaning of moderately to severely. While the ALJ's RFC assessment and hypothetical to the VE did not use the same language as Dr. Saad, they both accounted for such

7

limitations.  The ALJ explicitly determined that Stone's RFC was limited to sedentary work, which implicitly took into account Stone's limitation on carrying and lifting.  *See* 20 C.F.R. § 404.1567(a).  The ALJ added the limitation of only occasional climbing, balancing, stooping, kneeling, crouching, crawling, and avoiding frequent overhead work, which appears to implicitly take into account Stone's limitations on bending, squatting, and overhead reaching.  When posing the hypothetical, the ALJ recited the RFC almost verbatim to the VE.

Stone offers nothing more than her own opinion that the RFC and hypothetical only accounted for Dr. Saad's opinion that she was moderately restricted, not severely restricted from certain activities.  However, nothing indicates that Dr. Saad's opinion that Stone was "moderately to severely restricted" from engaging in certain activities meant that she was definitely severely restricted, or that she should never engage in such activity, as Stone seems to suggest.  Alternatively, the ALJ was not required to, and did not, give controlling weight to Dr. Saad's opinion.  Thus, the ALJ was entitled to conclude, despite Dr. Saad's moderate-to-severe restriction opinion, that the totality of the medical and other evidence, including the evidence of Stone's daily activities, established that Stone's limitations noted by Dr. Saad were moderate but not severe.  Accordingly, we conclude that the ALJ did not err in determining Stone's RFC or in posing the hypothetical question to the VE, and the VE's testimony constituted substantial

8

evidence that Stone was not disabled.

**AFFIRMED.**