**Willie Earl McSWAIN,**
**Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health**
**and Human Services,**
**Defendant-Appellee.**

**No. 86–8550**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 13, 1987.

Deborah Whitmore Hicks, Eufaula, Ala., for plaintiff-appellant.

Joe D. Whitley, U.S. Atty., Frank L. Butler, III, Asst. U.S. Atty., Macon, Ga., Marie T. Ransley, Office of General Counsel, U.S. Dept. of Health and Human Services, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Willie McSwain appeals from the district court's judgment affirming the Secretary's denial of his claim for social security disability insurance benefits and supplemental security income. We affirm.

McSwain says that he was totally disabled as of December 3, 1981 because of osteoarthritis, asthma, epilepsy, cataracts on eyes, and neurotic depression. At the time of his hearing before an ALJ McSwain was 47 years old, six feet, four inches tall, and weighed 165 pounds. He had a high school education and no vocational training. His past relevant work was that of a shipping/receiving clerk.

The ALJ found that although McSwain's impairments prevented him from returning to his past relevant work, he had the residual functional capacity to perform other work that existed in the national economy and was therefore not disabled. The Appeals Council denied McSwain's request for

review, thereby making the ALJ's decision the final decision of the Secretary for purposes of appeal. *See Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). The district court affirmed the Secretary's decision that McSwain was not disabled on the ground it was supported by substantial evidence. McSwain raises many issues on appeal, all of which are without merit.

■ McSwain contends that his vision impairment met or equalled an impairment in the Secretary's listing of impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.01–.04. Specifically, McSwain asserts that the Secretary failed to consider whether he met the standard for statutory blindness under § 2.04 of the listing of impairments, which is a percentage of overall loss of visual efficiency. A claimant is disabled and entitled to benefits if he has an impairment listed in the listing of impairments. 20 C.F.R. § 404.1520(d) (1986). The claimant bears the burden of proving that he is disabled or blind. *Id.* § 404.1512(a). McSwain failed to present medical evidence that his loss of visual efficiency met the requirements of § 2.04 of the listing of impairments.

■ The Secretary did not accord improper weight to the opinions of McSwain's treating physicians. The opinion of a treating physician is entitled to substantial weight unless "good cause" is shown to the contrary. In evaluating the medical evidence "[t]he Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986). The Secretary accorded proper weight to McSwain's medical evidence. Only Dr. Kellum concluded that McSwain was totally disabled. His opinion, however, is not supported by clinical evidence, and the Secretary properly discounted it. *Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir.1986) (per curiam); *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. Unit B 1981). Dr. Gardner, who treated McSwain at Upson County Hospital in December 1981, did not conclude that McSwain was disabled; he

stated that McSwain should be able to return to work in one or two days. More recent Upson County Hospital records do not contradict Gardner's earlier opinion. The Secretary also properly credited the results of Dr. Dixon's consultative examination of McSwain's vision over the opinion of Dr. Hughes, McSwain's treating ophthalmologist, because Hughes' report was based on McSwain's condition prior to cataract surgery in his left eye. Finally, the reports of Drs. Davis and Simpson are not supported by specific clinical evidence. Also their opinions are not entitled to deference because as one-time examiners they were not treating physicians. *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir.1986).

■ The Secretary did not improperly reject McSwain's subjective complaints of pain. The Secretary must consider a claimant's subjective testimony of pain if there is evidence of an underlying medical condition and either (1) objective medical evidence confirms the severity of the pain or (2) the medical condition could reasonably be expected to produce the pain. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986). The Secretary properly concluded that there was no substantial objective evidence that McSwain's pain was so severe that it was disabling and that McSwain's medical condition, as determined by the Secretary based on substantial evidence, could not reasonably be expected to produce severe pain.

■ McSwain contends that the Secretary erroneously determined that he could perform "other work" that existed in the national economy. The Secretary relied primarily on the testimony of a vocational expert. McSwain asserts that the vocational expert's testimony regarding other work that McSwain could perform did not constitute substantial evidence because his testimony was premised on an improper hypothetical posed by the ALJ. The vocational expert was present during the hearing and had examined all of the written evidence presented. He testified that based on McSwain's transferable skills, McSwain

had the exertional capacity to perform some sedentary work. The ALJ's hypothetical asked the vocational expert to assume that McSwain had substantial vision impairment and could not work in an area that exposed him extensively to pulmonary irritants.[1] Based on these non-exertional requirements, the vocational expert testified that of the jobs he had listed, McSwain still could perform the work of a shipping or receiving clerk[2] or self-service gas station attendant. The Secretary's finding that McSwain could do other work therefore was supported by substantial evidence. *See Chaney v. Califano,* 588 F.2d 958, 960 (5th Cir.1979).

■ Finally, McSwain contends that the Secretary failed to consider McSwain's multiple impairments in combination. Under the standard in force at the time of the administrative hearing, an ALJ need not consider the combined effects of unrelated impairments at the severity stage of the evaluation process unless all of the claimant's impairments were severe. 20 C.F.R. § 404.1522 (1981). The standard now provides that the Secretary must consider, without any preconditions, the combined effect of all of a claimant's impairments in determining whether a claimant is disabled. 20 C.F.R. § 404.1523 (1986). The new standard was not in effect at the time of the administrative hearing, and the Secretary does not apply the new standard retroactively. In any event, the Secretary, relying primarily on the testimony of the vocational expert, considered McSwain's impairments in combination and concluded that he could do other work. *See Chaney,* 588 F.2d at 960.

We have considered McSwain's other contentions and find them equally without merit.

AFFIRMED.

---

1. The ALJ did not err in failing to include in his hypothetical restrictions because of epilepsy and depression. McSwain testified that his epilepsy was substantially controlled by his medication. McSwain also did not present substantial medical evidence of depression, and he admitted at his hearing that his episodic events of depres-sion were generally in response to difficult situations, such as not being able to work.

2. The vocational expert's description of this job differed substantially from McSwain's past relevant work as a shipping/receiving clerk.