[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11719
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00841-CLS

MICHELLE KING,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 19, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michelle King appeals from the district court's judgment affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for disability insurance benefits and Supplemental Security Income, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). On appeal, King first argues that the district court should have remanded to the Appeals Council ("AC") because the AC erred in denying review in the light of King's additional evidence. Second, King contends that the AC's written denial of review failed to show that it adequately evaluated King's additional evidence. Third, King believes that a reasonable possibility, based on King's additional evidence, exists that the Administrative Law Judge ("ALJ") would have reversed her opinion and determined that King was eligible for benefits under Listings 12.04 (Affective Disorders) or 12.05(c) (Mental Retardation).

The "final" decision of the Commissioner is subject to judicial review. 42 U.S.C. § 405(g). We review the Commissioner's decision to determine whether it is supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "With a few exceptions, the claimant is allowed to present new evidence at each stage of [the] administrative process." *Id.* at 1261. "The [AC] must consider new, material, and chronologically relevant evidence and

must review the case if the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* (quotations omitted).

We review *de novo* the judgment of the district court. *Id.* at 1260. When a claimant properly submits additional evidence to the AC, a reviewing court must consider the entire record, including the additional evidence submitted to the AC, to determine whether the denial of benefits was substantially erroneous. *Id.* at 1262.

We must affirm a decision that is supported by substantial evidence even if the evidence preponderates against the ALJ's findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1158. Moreover, we may not reweigh the evidence or substitute our judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

A person claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The ALJ uses a five-step sequential evaluation process to determine whether a claimant has proved that she is disabled. *Id.* A claimant must show that (1) she is not performing substantial gainful activity; (2) she has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the

regulations; or (4) she cannot perform her past relevant work; and (5) she cannot perform other work, based on her age, education, and work experience. 20 C.F.R. § 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The ALJ must "assess and make a finding about the claimant's residual functional capacity [("RFC")] based on all the relevant medical and other evidence in the case." *Id.* at 1238 (quotations and alterations omitted). We have recognized that a one-time examiner is not a treating medical provider, and the examiner's opinion is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). A condition that is controlled by medication may not be a substantial limitation for purposes of a claimant's RFC. *See id.* at 620 n.1 (explaining that the ALJ did not err in failing to include epilepsy in his hypothetical restrictions as presented to the vocational expert where the claimant testified that his epilepsy was substantially controlled by medication).

Upon review of the record and consideration of the parties' briefs, we affirm.

King's first argument -- that the district court should have remanded -- is largely inapposite because we review, in regard to substantial evidence supporting the Commissioner's decision, the Commissioner's final decision, not the district court's decision. On this record, the Commissioner's decision was supported by substantial evidence.

Second, when King withdrew her motion to remand in the district court, King conceded at least the Commissioner's point[*] that the AC is not required to meet a particular standard of clear articulation when it <u>denies</u> review; and we generally will not consider an issue that the claimant failed to raise and preserve in the district court. *See Stewart v. Dept. of Health and Human Serv's*, 26 F.3d 115, 115 (11th Cir. 1994).

Third, King does not object to the AC's denial of review or the ALJ's decision based solely on the evidence that was before the ALJ. Therefore, King has abandoned those arguments on appeal. *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) (explaining that issues not raised on appeal are ordinarily considered abandoned). Furthermore, none of King's additional evidence was material, <u>chronologically</u> relevant, and contradictory to the ALJ's decision. Thus, King has failed to show that her additional evidence renders the Commissioner's denial of benefits erroneous.

**AFFIRMED.**

---

[*] The withdrawal contains these words:

> "The points in the Commissioner's response [to Plaintiff's motion to remand] are well taken.  The motion to remand is hereby withdrawn."