[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15656
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01530-PAZ


CAROL BARCHARD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 14, 2015)

Before WILSON, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Carol Barchard appeals the district court's order, pursuant to 42 U.S.C. § 405(g), upholding the Commissioner of the Social Security Administration's (Commissioner) denial of her application for a period of disability and disability insurance benefits.  Barchard argues the district court erred in affirming the Administrative Law Judge's (ALJ) determination that she can perform work in the national economy with very little, if any, vocational adjustments.  However, we hold that substantial evidence supports the ALJ's finding.  Accordingly, we affirm.

## I.    BACKGROUND

After the Commissioner denied Barchard's application for a period of disability and disability insurance benefits, Barchard requested and received a hearing before an ALJ.  The ALJ found that, "considering [Barchard's] age, education and transferable work skills," she is "not disabled."  Barchard appealed. The Appeals Council remanded the case, asserting the ALJ did not adequately address the transferability of Barchard's vocational skills.

On remand, a vocational expert (VE) testified that Barchard can work as an "information clerk" without any vocational adjustments.  The VE based this conclusion on his specific finding that Barchard acquired skills in her past employment that are transferable to an information clerk.  Furthermore, the VE stated that 1,100 information clerk positions exist in Barchard's local area, 7,300 exist statewide, and 97,000 exist nationally.  The VE provided this testimony in

response to a hypothetical question about the ability of a person who has all Barchard's impairments to perform work.  In reaching his findings, the VE relied on his expertise in the field of vocational capacity, Barchard's testimony regarding her impairments and prior work experience, a review of the administrative record, and the applicable regulatory definitions.

The ALJ again ruled that Barchard is "not disabled," finding, *inter alia*, she can perform work in the national economy with very little, if any, vocational adjustments.  The ALJ stated that he relied on the VE's testimony in reaching this conclusion.  Barchard then requested review of the decision by the district court.  The district court affirmed.  On appeal, Barchard solely challenges the district court's determination that substantial evidence supports the ALJ's ruling on her ability to perform work.

## II.    STANDARD OF REVIEW

"We review de novo the district court's decision on whether substantial evidence supports the ALJ's determination."  *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal quotation marks omitted).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (internal quotation marks omitted). If the ALJ's decision is supported by substantial evidence, we must defer to the decision "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation mark omitted). Nevertheless, this Court will not affirm "simply because some rationale might have supported the ALJ's conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal quotation marks omitted). The ALJ must "state with at least some measure of clarity the grounds for his decision." *Id.* (internal quotation marks omitted).

An ALJ may rely on the testimony of a VE when determining whether a claimant is able to engage in work in the national economy. *See Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999); *McSwain v. Bowen*, 814 F.2d 617, 619–20 (11th Cir. 1987) (per curiam) (holding substantial evidence supported ALJ finding regarding claimant's ability to work where a VE considered all of claimant's impairments and testified that claimant had transferable skills which allowed him to perform work). At the same time, "[i]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question [to the VE] that accounts for all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

## III.    DISCUSSION

In considering a claim for Social Security disability benefits, an ALJ must determine whether the claimant is able to perform work that exists in the national economy.[1] *See* 20 C.F.R. §§ 404.1520(a)(4), 404.1560(c)(2). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a). When the claimant is age 60 or older and her impairments limit her to light work, only jobs requiring "very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry" may be considered. 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4).

Barchard claims the ALJ erred in ruling she is able to perform work that complies with this standard. However, in response to a hypothetical question comprising all Barchard's impairments, the VE testified that Barchard has the ability to work as an information clerk and does not require vocational adjustments to perform the duties of the position. Barchard's relevant medical records and her own description of her past work experience supported the VE's testimony.[2]

---

[1] An ALJ engages in a five-step process to determine whether a claimant is entitled to social security benefits. 20 C.F.R. § 404.1520(a)(4). The fifth step requires an analysis of the claimant's ability to perform work that exists in the national economy. The first four steps are not at issue here. Therefore, our discussion is limited to the fifth step.

[2] On appeal, Barchard argues that she is incapable of working as an information clerk because the position requires a greater "reasoning level" than her previous employment. However, this argument was never made below. "As a general principle, this court will not address an argument that has not been raised in the district court." *Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994). While exceptions to this rule exist, none apply in this case.

Moreover, Barchard does not dispute that a significant number of information clerk jobs exist in the national economy. Accordingly, the ALJ's finding that Barchard can perform work in the national economy with very little, if any, vocational adjustments is supported by substantial evidence. *See McSwain*, 814 F.2d at 619–20.

**AFFIRMED.**