[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12975
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-02480-LSC


CHARLES HUNTLEY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 29, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Huntley appeals the order affirming the Commissioner's denial of his application for disability insurance benefits, 42 U.S.C. § 405(g). Huntley argues that the administrative law judge gave too little weight to the evaluations of two examining physicians, gave too much weight to the opinion of a non-examining physician, and substituted his own opinion for those of the medical experts. We affirm.

We review the decision of an administrative law judge as the Commissioner's final decision when the administrative law judge denies benefits and the Appeals Council denies review of that decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions *de novo* and her decision to deny benefits for substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is relevant evidence that a reasonable person would accept as sufficient to support a conclusion. *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011). We do not find facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner. *Id*. We instead defer to the Commissioner's decision, so long as it is supported by substantial evidence, even if the evidence may preponderate against it. *Crawford v. Comm'r*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

Eligibility for disability insurance benefits requires that the applicant be under a disability. 42 U.S.C. § 423(a)(1)(E). And an applicant is under a disability

2

if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *Id.* § 423(d)(1)(A). The applicant bears the burden of proving his disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In determining whether an applicant has proved that he is disabled, the administrative law judge must complete a five-step sequential evaluation. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The applicant has the burden to prove (1) that he "has not engaged in substantial gainful activity," (2) he "has a severe impairment or combination of impairments," and (3) his "impairment or combination of impairments meets or equals a listed impairment" so that he is entitled to a finding of disability, or if not, (4) that he "is unable to perform her past relevant work" in the light of his residual functional capacity. *Id.* "At the fifth step, the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant can perform." *Id.*

When assessing medical opinions, the administrative law judge must consider several factors to determine how much weight to give each medical opinion, including whether the physician has examined the claimant; the length, nature, and extent of a treating physician's relationship with the claimant; the medical evidence and explanation supporting the physician's opinion; how

3

consistent the physician's opinion is with the "record as a whole"; and the physician's specialty. 20 C.F.R. §§ 404.1527(c), 416.927(c). These factors apply to both examining and non-examining physicians. *Id.* §§ 404.1527(e), 416.927(e). The administrative law judge must state with particularity the weight given to different medical opinions and his supporting reasons. *Winschel*, 631 F.3d at 1179. The administrative law judge need not defer to the opinion of a physician who conducted a single examination because that physician is not a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). The opinion of a non-examining physician "taken alone" does not constitute substantial evidence to support an administrative law judge's decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). But an administrative law judge can rely on a non-examining physician's report in denying benefits where it does not contradict information in the examining physicians' reports. *See Edward v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991). Although the opinion of an examining physician is ordinarily entitled to greater weight than that of a non-examining physician, the administrative law judge is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

When considering an examining, non-treating medical opinion, "[t]he more a medical source presents relevant evidence to support an opinion, particularly

4

medical signs and laboratory findings, the more weight [the administrative law judge] will give that opinion. The better an explanation a source provides for an opinion, the more weight [the administrative law judge] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Moreover, "because nonexamining sources have no examining or treating relationship with [the applicant], the weight [the administrative law judge] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." *Id.* In addition, "the more consistent an opinion is with the record as a whole, the more weight [the administrative law judge] will give to that opinion." *Id.* § 404.1527(c)(4).

Substantial evidence supports the weight the administrative law judge gave to the medical opinions of the examining and non-examining physicians. The decision to assign little weight to examining physicians' opinions is supported by substantial evidence. As one-time examiners, the physicians were not treating physicians, and the administrative law judge was not required to afford special deference to their opinions. *See McSwain*, 814 F.2d at 619. And neither of the examining physicians provided an explanation in support of their determinations of Huntley's limitations. 20 C.F.R. § 404.1527(c)(3). The physicians instead apparently relied upon Huntley's subjective complaints. And their opinions about Huntley's extreme limitations were not supported by their medical examinations of him. *Sryock*, 764 F.2d at 835.

5

Substantial evidence also supports the administrative law judge's decision to assign more weight to the non-examining physician's opinion. Although the opinion of an examining physician is ordinarily entitled to greater weight than the opinion of a non-examining physician, the administrative law judge was free to reject the opinions of the examining physicians because they were not supported by the record. *Sryock*, 764 F.2d at 835. The non-examining physician also explained his conclusion about Huntley's residual functional capacity with specific reasons, and his opinion was consistent with the treatment records.

**AFFIRMED.**