[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12201
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00046-HNJ

KAREN HERNANDEZ,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 6, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Karen Hernandez appeals the district court's order affirming the administrative law judge's decision to deny her disability insurance benefits and supplemental security income pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Specifically, Hernandez contends that the ALJ erred by (1) affording no weight to the medical opinion of her treating physician, Dr. Johnston, and (2) affording little weight to the medical opinion of a one-time examiner, Dr. Randolph.

In a social security appeal, we review an agency's legal conclusions *de novo* and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). In reviewing for substantial evidence we do not reweigh the evidence or substitute our own judgment for the agency's, rather, we simply ask whether there is relevant evidence that a reasonable person would accept as adequate to support the agency's conclusion. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Relevant to this case, Social Security regulations reserve to the Commissioner the ultimate opinion as to whether a claimant is "disabled."[1] 20 C.F.R. § 404.1527(d)(1). To make this determination, the Commissioner follows a five-step evaluation process, considering: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe

---

[1] Hernandez does not argue on appeal that the evidence does not support the ALJ's finding of no disability, accordingly, she has abandoned that issue. *See Access Now, Inc. v. Southwest Airlines*, *Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on a residual functioning capacity (RFC) assessment—that is, an evidentiary assessment of a claimant's ability to work despite her impairments—the claimant can perform any of her past relevant work; and (5) whether, given her RFC, age, education, and work experience, there are significant numbers of jobs in the national economy that the claimant can perform. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

In conducting this evaluation, an ALJ must state with particularity the weight given different medical opinions and the accompanying reasons. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted). The ALJ should consider, among other things, the examining and treatment relationship between the claimant and doctor, the length of the treatment, the supportability and consistency of the evidence, and the specialization of the doctor. 20 C.F.R. § 404.1527(c). More weight is generally given to opinions that are more consistent with the record as a whole. *Id.* § 404.1527(c)(4).

While a treating physician's opinion is generally entitled to weight, a one-time examiner's opinion is not. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citation omitted). Even the opinion of a treating physician, however,

need not be given weight when there is "good cause"—for instance, when a treating physician's opinion is conclusory or inconsistent with his own records. *Phillips*, 357 F.3d at 1240–41.  We will not second guess an ALJ's decision to reject a medical opinion for "good cause" so long as the ALJ articulates a specific justification for his decision.  *Hunter v. Comm'r of Soc. Sec. Admin.*, 808 F.3d 818, 823 (11th Cir. 2015).

Substantial evidence supports the ALJ's decision to give no weight to Dr. Johnston's opinion here.  First, the ALJ correctly concluded that he was not required to consider Dr. Johnston's opinion that Hernandez's conditions prevented her from being able to work, as regulations reserve that decision to the Commissioner.  20 C.F.R. § 404.1527(d)(1).  Second, although Dr. Johnston treated Hernandez for more than three years, the limitations that Dr. Johnston alleged in his 2013 opinion were inconsistent with (1) his own treatment notes over the years—the majority of which stated that Hernandez's conditions were successfully treated by her prescribed medications—and (2) Dr. Hunt's and Dr. Gomez's records, which showed that Hernandez was engaged in effective treatment for her conditions.  *Phillips*, 357 F.3d at 1240–41.

Substantial evidence also supports the ALJ's decision to give little weight to Dr. Randolph's opinion.  First, Dr. Randolph's opinion that Hernandez's significant social limitations would prevent her from returning to work addressed

4

an ultimate issue reserved to the Commissioner.  20 C.F.R. § 404.1527(d).

Second, Dr. Randolph examined Hernandez only once and did not treat her, so the

ALJ was not required to give his opinion deference.  *McSwain*, 814 F.2d at 619.

Third, Dr. Randolph's opinion was inconsistent with other record evidence,

including: (1) Dr. Johnston's treatment records, which showed that Hernandez's

anxiety had been effectively treated with a medication regimen; (2) Dr. Gomez's

treatment records, which showed that Hernandez was not suffering from acute

distress and appeared well oriented; and (3) Dr. Estock's opinion that, while

Hernandez had generalized anxiety, she appeared stable such that any mental

health issues caused only moderate limitations in her ability to work.

Finally, Dr. Randolph's evaluation records reveal that Hernandez failed to

report to him that she had cared for her stepfather and grandmother, had

volunteered with her local fire department, and had in fact worked—albeit,

sporadically—since her alleged disability onset date.  As such, the ALJ reasonably

concluded that, to the extent that Dr. Randolph's opinion was based on

Hernandez's subjective complaints, his opinion was entitled to less weight.

*Phillips*, 357 F.3d at 1240–41; 20 C.F.R. § 404.1527(c)(4).[2]

---

[2]  Hernandez also contends that the district court erred by issuing a lengthy post hoc explanation as to why the ALJ afforded Dr. Johnston's opinion no weight.  Our precedent makes clear, however, that in social security appeals we review the *ALJ's* findings to see if they are supported by substantial evidence.  *Ingram*, 496 F.3d at 1260.  Thus, the district court's reasoning concerning those findings is irrelevant here.

Finding no error, we affirm the district court's order.

**AFFIRMED.**