[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12638
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22121-KMW


MANUEL A. CRUZ MACHUAT,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Manuel Antonio Cruz Machuat ("Claimant") appeals the district court's order affirming the Social Security Commissioner's denial of Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g) and 1383(c)(3).  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of

2

the Administrative Law Judge ("ALJ").  Id.  We review de novo the district court's determination about whether substantial evidence supports the ALJ's decision. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

A person who applies for Social Security DIB or for SSI benefits must first prove that he is disabled.  See 20 C.F.R. §§ 404.1512(a), 416.912(a).  The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform.  Id.

Applying the five-step evaluation process, the ALJ first determined that Claimant had engaged in no substantial gainful activity since his application date. The ALJ then determined that Claimant had four severe impairments: "right frontotemporal oligoastrocytoma, status post remote resection with residual

3

cavity,"[*] a seizure disorder, degenerative disc disease, and obesity. The ALJ determined that Claimant had the RFC to perform sedentary work, but was "limited to routine repetitive tasks, no more than simple instructions, and only routine changes in the workplace." Considering Claimant's age (41), education, work experience, and RFC (together with the vocational expert's testimony), the ALJ determined that Claimant could perform other work in the national economy. Accordingly, the ALJ concluded that Claimant was "not disabled." The district court affirmed.

On appeal, Claimant challenges the weight the ALJ afforded to medical opinions in the record. Claimant says the ALJ failed to give adequate weight to the medical opinions of Dr. Rodriguez and Dr. Kato and gave too much weight to the medical opinions of Dr. Miro and to non-examiner state medical consultants Drs. Walker, Sadovnik, and Rowley.

In deciding how much weight to give a medical opinion, the ALJ considers, among other things, (1) the examining relationship; (2) the treatment relationship; (3) the extent to which the opinion is supported by medical evidence and explanations; and (4) whether the opinion is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c); 416.927(c). Absent "good cause" to the contrary, the

---

[*] In 1997, Claimant underwent a craniotomy and tumor removal in Cuba.

4

ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004).  Good cause may exist under these circumstances: (1) the treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ must articulate clearly the reasons for giving less weight to the treating physician's opinion.  Id.

Dr. Rodriguez:

Dr. Rodriguez is a primary care provider who appears to have examined Claimant one time.  On 20 March 2014, Dr. Rodriguez diagnosed Claimant with sciatica.  Dr. Rodriguez checked boxes indicating that Claimant experienced decreased grip strength, decreased ability to perform fine and gross manipulation, gait disturbance, chronic pain, radiculopathy, and a limited range of motion.  Dr. Rodriguez commented that Claimant's limitation in fine and gross manipulation was due to his neurological impairment.

5

On 10 July 2014, Dr. Rodriguez completed a pre-printed medical statement form "concerning organic brain syndrome for Social Security disability claims." Dr. Rodriguez checked or circled answers indicating that Claimant had memory impairment, emotional lability and impairment in impulse control, loss of measured intellectual functioning, mild restrictions of activities of daily living, and moderate difficulty maintaining social functioning.  Dr. Rodriguez also opined that Claimant was either "extremely," "markedly" or "moderately" impaired in several categories of mental functioning.  Dr. Rodriguez completed the same form again in May 2016, with similar responses.

Substantial evidence supports the ALJ's decision to give "little weight" to Dr. Rodriguez's opinions.  As a one-time examiner, Dr. Rodriguez's opinions were unentitled to deference.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).  The ALJ also concluded properly that Dr. Rodriguez's opinions about Claimant's mental health were entitled to little weight, given that Dr. Rodriguez was a primary care provider: no mental health professional.  See 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).

Dr. Rodriguez provided no explanation for his opinions, which were unsupported by clinical or objective evidence in the record.  Dr. Rodriguez's opinions were also contradicted by other medical opinions that were based on

6

objective and clinical evidence.  For example, detailed treatment notes by Dr.

Heros (Claimant's neurologist) showed that Claimant appeared to have symptoms

that were not severe, that Claimant failed to complete physical or occupational

therapy, and that Claimant's mood and sleep were improved by medications.  Dr.

Rodriguez's opinion of Claimant's physical limitations was also contradicted by

Dr. Meruelo (a consultative examiner), who reported -- based on a physical

examination and on Claimant's self-report -- that Claimant could write, eat, use a

knife and fork, open door knobs and jar lids, button shirts, and had only "minimal

if any left-sided weakness," and no detectable neurological deficit of the upper or

lower extremities.


Dr. Kato:


Dr. Kato (Claimant's treating psychiatrist) first saw Claimant on 14 August

2014.  Dr. Kato diagnosed Claimant with major depressive disorder and with

generalized anxiety disorder and prescribed an anti-depressant.  Dr. Kato noted that

Claimant is "unable to function at any job at this time."  Dr. Kato also completed

the same pre-printed medical statement form competed by Dr. Rodriguez.  On the

form, Dr. Kato indicated that Claimant experienced impaired memory, change in

7

personality, disturbance in mood, emotional lability and impairment in impulse control, and loss of intellectual ability -- but no restriction of activity of daily living or difficulty in maintaining social functioning.  Dr. Kato also opined that Claimant was "markedly" or "moderately" impaired in several categories of mental functioning.  Dr. Kato also commented that Claimant was "unable to function at work or learn new materials."

The ALJ afforded "little weight" to Dr. Kato's opinions.  The judge explained that (1) Dr. Kato's opinions about Claimant's memory or intellectual functioning were unsupported by clinical or objective evidence; (2) that Dr. Kato's opinions were inconsistent with her treatment notes; (3) that Dr. Kato's opinions were inconsistent with other medical opinions which were supported by objective and clinical evidence in the record; and (4) the significant treatment gaps suggest less-than-severe symptoms.

Substantial evidence supports the ALJ's decision to give "little weight" to Dr. Kato's medical opinion.  Dr. Kato saw Claimant five times: in August, September, and December 2014, August 2015, and February 2016.  Records for those visits contain no objective or clinical evidence to support Dr. Kato's opinions about Claimant's memory or reduced intellectual functioning.  The treatment records indicate that Claimant's condition was "well controlled" and "improving"

8

with the prescribed anti-depressant, which Claimant continued to take.  Dr. Kato's opinions were also inconsistent with the opinion of Dr. Miro -- a licensed clinical psychologist who performed an extensive clinical interview and objective testing of Claimant's mental status and memory functioning; Dr. Miro opined that Claimant had some limitations but also demonstrated fluctuations in effort and malingering.  Moreover, Dr. Kato's opinion that Claimant was unable to work is entitled to no weight because that conclusion is an administrative determination reserved to the Commissioner.  See 20 C.F.R. §§ 404.1527(d), 416.927(d).

Drs. Miro, Walker, Sadovnik, and Rowley:

Because the opinions of Drs. Miro, Walker, Sadovnik, and Rowley were consistent with each other and were supported by objective medical evidence in the record, the ALJ committed no error in giving these opinions more weight than the weight given to the opinions of Dr. Rodriguez and Dr. Kato.  We reject Claimant's argument that the opinions of Drs. Walker, Sadovnik, and Rowley are entitled to little weight merely because these doctors performed no examination of Claimant. See 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (explaining that the weight given a medical opinion of a non-examining doctor depends "on the degree to which they

9

provide supporting explanations for their medical opinions" and "the degree to which these medical opinions consider all of the pertinent evidence in your claim").  We also reject Claimant's assertion that Dr. Miro's opinion is entitled to no weight because she is a psychologist, not a psychiatrist or a medical doctor.  See 20 C.F.R. §§ 404.1502(a)(2), 416.902(a)(2) (listing licensed psychologists as an "acceptable medical source").

Substantial evidence supports the ALJ's assessment of Claimant's RFC and the Commissioner's denial of DIB and SSI benefits; we affirm.

AFFIRMED.