[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14704
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00692-JFK

GWENDOLYN WILLIAMS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 20, 2020)

Before MARTIN, ROSENBAUM and NEWSOM, Circuit Judges.

PER CURIAM:

Gwendolyn Williams appeals the district court's order affirming the decision of an Administrative Law Judge (ALJ) denying her application for disability insurance benefits (DIB), pursuant to 42 U.S.C. § 405(g).  On appeal, she argues that substantial evidence did not support the ALJ's decision to give Dr. Steven Lobel's opinion only some weight and that a vocational expert (VE) should have been called to testify about Dr. Lobel's findings.  Williams also argues that substantial evidence did not support the ALJ's determination that she could perform her past relevant work, as the ALJ did not make sufficient findings about the requirements of that work.  As the ALJ's decision was supported by substantial evidence, we affirm.

## I

The facts of this case are familiar to the parties, so we'll proceed to the merits of Williams's appeal.  We review the ALJ's decision for substantial evidence, and its application of legal principles *de novo.  Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence is less than a preponderance," *id.*, but "more than a scintilla"—it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion," *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  *Id*. (alteration

2

accepted) (quotation omitted).  Therefore, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation omitted).  Further, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," so long as a claimant's overall medical condition is considered.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

## II

### A

When determining what weight to give a medical opinion, the factors considered include: (1) the "[e]xamining relationship"; (2) the "[t]reatment relationship"—including the "[l]ength of the treatment relationship and the frequency of examination"; (3) the "[s]upportability" of the medical opinion; and (4) the "[c]onsistency" of the medical opinion as compared to other evidence.  20 C.F.R. § 404.1527(c)(1)–(4).  Generally, the Social Security Administration (SSA) gives "more weight to medical opinions from [a] treating source[]," because treating "sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of" a claimant's medical history.  *Id.* § 404.1527(c)(2).  Additionally, treating sources "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical

3

findings alone or from reports of individual examinations, such as consultative examinations." *Id.*

We have held, therefore, that the opinion of a treating physician must be given "substantial or considerable weight" unless "good cause" is shown to the contrary. *Winschel*, 631 F.3d at 1179 (quotation omitted). We have found good cause where: "'(1) [the] opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] opinion was conclusory or inconsistent with the doctor's own medical records.'" *Id.* (quotation omitted). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The standards are lower, however, for non-treating physicians—like "one-time examiners"—as "their opinions are not entitled to deference." *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

## B

Williams argues that the ALJ's decision to give Dr. Lobel's opinion only some weight was not supported by substantial evidence. We disagree. Dr. Lobel only examined Williams once for a consultative evaluation, so he is not a "treating source" entitled to deference. *See* 20 C.F.R. §§ 404.1527(c)(1)–(2) (distinguishing treating sources from providers of consultative examinations). The ALJ was free,

4

therefore, to disregard his opinion without having to articulate good cause. *See McSwain*, 814 F.2d at 619.

Nevertheless, the ALJ's decision was indeed supported by substantial evidence. The ALJ did credit several findings in Dr. Lobel's opinion, but she chose not to give weight to his statement that Williams could only stand/walk for two hours a day, in 20-minute intervals. As the ALJ explained, there was no other evidence in Williams's medical record indicating she had such a limitation.

Additionally, Williams's brief focuses on a portion of Dr. Lobel's opinion in which he stated that she needs to take 15-minute breaks after every two hours she spends sitting during the workday—she alleges that this means she would have to spend two hours of each eight-hour work day on break. She contends that a vocational expert (VE) should have testified at her hearing before the ALJ, to explain that this limitation "would prevent the full performance of work at any exertional level," as it means that she would be spending 25% of her working day on breaks.

Williams's math, however, is a bit off. Taking 15-minute breaks every two hours during the workday would only result in 45 minutes of break time during working hours. So, as the government explains in is brief, "Dr. Lobel's opinion that [Williams] required 15-minute breaks after any periods of sitting for two hours was consistent with the ability to work a full day, and was not an additional

limitation or restriction that the ALJ needed to" take into account—such breaks are contemplated by the SSA as part of a normal workday schedule. *See, e.g.*, SSR 96-9P, 1996 WL 374185, at \*6–7 (Jul. 3, 1996).[1]  And, regardless, ALJs are not required to refer to every single piece of evidence presented to them in their decisions.  *Dyer*, 395 F.3d at 1211.  Accordingly, the ALJ's decision to give Dr. Lobel's opinion only some weight was supported by substantial evidence.

## III

### A

Social security regulations outline a "five-step sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(1). The ALJ must evaluate whether: (1) the claimant is "performing substantial gainful activity"; (2) the claimant has "a severe impairment"; (3) that "severe impairment . . . meets or equals an impairment specifically listed in" the C.F.R.; (4) the claimant has the residual functional capacity (RFC) to "perform her past relevant work"; and (5) in light of the claimant's "age, education, and work experience," she can "perform other work of the sort found in the national economy."  *Phillips v. Barnhart*, 357 F.3d 1232, 1237–38 (11th Cir. 2004).  If the ALJ determines that

---

[1] "Sitting:  In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."  SSR 96-9P, 1996 WL 374185, at \*6 (Jul. 3, 1996).

the claimant is not disabled at any step of the evaluation process, the inquiry ends. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A claimant's RFC is "that which [she] is still able to do despite the limitations caused by . . . her impairments," *Phillips*, 357 F.3d at 1238, and it is determined by evaluating her ability to lift weight, sit, stand, push, pull, etc. 20 C.F.R. § 404.1545(b). A claimant's RFC is used to determine her capability for performing designated levels of work (sedentary, light, medium, heavy, or very heavy). *See* 20 C.F.R. § 404.1567. An "ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case." *Phillips*, 357 F.3d at 1238.

"[A] full and fair record" must be developed regarding the demands of a claimant's past relevant work. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). In evaluating the demands of a claimant's past work, an ALJ may rely on the job descriptions set forth in the Dictionary of Occupational Titles (DOT) to determine the level of the work (from sedentary to very heavy) it required, as well as the claimant's own account of the work. 20 C.F.R. § 404.1560(b)(2).

**B**

Here, substantial evidence supports the ALJ's determination that Williams could perform her past relevant work. The ALJ properly relied on Williams's own

7

statements and the DOT to determine that her RFC for light work[2] allowed her to

perform her past relevant work.  The DOT characterized Williams's past relevant

work as a manager as a sedentary[3] position, and Williams herself testified that she

only walked for half an hour and sat at a desk "most of the day each day" as a

manager.  Williams's RFC for light work, therefore, encompassed her previous,

sedentary position.  Moreover, even if she had been assigned a more restrictive

RFC for sedentary work, she would still be qualified to perform her past relevant

work.  *See* 20 C.F.R. § 404.1567(a).  As a result, substantial evidence supported

---

[2] Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. *If someone can do light work, we determine that he or she can also do sedentary work*, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (emphasis added).

[3] Sedentary work is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

the ALJ's finding that Williams's RFC would not have precluded her from

performing her previous work as a manager.[4]

**AFFIRMED.**

---

[4] Williams reprises her argument that a VE should have testified at her hearing as to whether her RFC allowed her to do her past relevant work. Nevertheless, an ALJ is not required to hear the testimony of a VE when determining the requirements of a person's past relevant work, *see* 20. C.F.R. § 404.1560(b)(2) (stating that a VE *may* be used in this context), and substantial evidence supported the ALJ's findings, regardless.