[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13392

Non-Argument Calendar

_____

DONNA WOODS,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00655-SGC

_____

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Donna Woods appeals the district court's order affirming the Social Security Commissioner's denial of her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g) and 1383(c)(3). No reversible error has been shown; we affirm.[*]

When -- as in this case -- an Administrative Law Judge ("ALJ") denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."

---

[*] Woods's "Motion to Remand" is DENIED.

*Id.* "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and alteration omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the ALJ. *Id.* We review *de novo* the district court's determination about whether substantial evidence supports the ALJ's decision. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

A person who applies for Social Security DIB or for SSI benefits must first prove that he is disabled. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform. *Id.*

The ALJ denied Woods's applications for relief on 19 July 2019. Applying the five-step evaluation process, the ALJ first determined that Woods had engaged in no substantial gainful activity since the cessation of her earlier-awarded disability benefits on 2 May 2006. The ALJ then determined that Woods had these severe impairments: bipolar disorder, attention deficit hyperactivity disorder, borderline intellectual functioning, chronic obstructive pulmonary disease, degenerative disc disease, degenerative joint disease, and Reynaud's syndrome.

The ALJ determined that Woods had the RFC to perform light work with specified limitations. Considering Woods's age, education, work experience, and RFC (together with the vocational expert's testimony), the ALJ determined that Woods could perform work in the national economy. Accordingly, the ALJ concluded that Woods was "not disabled" during the pertinent time (between 2 May 2006 and 15 February 2016).

Woods administratively appealed the ALJ's decision to the Appeals Council. The Appeals Council denied Woods's request for review. The district court affirmed.

On appeal, Woods argues that the ALJ erred in giving "no weight" to the medical opinions of two one-time examining doctors (Dr. Ripka and Dr. Wilson) on grounds that the doctors were retained by Woods's lawyer. Woods also contends that -- when the medical opinions of Dr. Ripka and Dr. Wilson are considered properly -- the denial of benefits was not supported by substantial evidence.

In deciding how much weight to give a medical opinion, the ALJ considers, among other things, (1) the examining relationship; (2) the treatment relationship; (3) the extent to which the opinion is supported by medical evidence and explanations; and (4) whether the opinion is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c); 416.927(c). The ALJ may reject a medical opinion if the evidence supports a contrary finding. *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

Substantial evidence supports the ALJ's decision to give "no significant weight" to Dr. Ripka's opinion that Woods was incapable of performing even sedentary work. As a one-time examining physician, Dr. Ripka's opinion was entitled to no deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

The ALJ questioned Dr. Ripka's objectivity given that Dr. Ripka was retained by Woods's lawyer. But -- contrary to Woods's assertion on appeal -- the record makes clear that that factor was not the sole basis for the ALJ's decision to discount Dr. Ripka's opinion. On appeal, Woods challenges only the ALJ's mention that Dr. Ripka was hired by her lawyer; Woods raises no challenge to the other reasons articulated by the ALJ for affording less weight to Dr. Ripka's opinion.

The ALJ explained that, although Dr. Ripka's report purported to be a "functional capacities evaluation" ("FCE"), nothing evidenced that Dr. Ripka performed the kinds of testing normally involved with an FCE, such as lifting and carrying. Instead, Dr. Ripka's assessment of Woods's functional limitations was based

only on Woods's subjective complaints with "limited positive objective examination."  And it was unclear whether Dr. Ripka had access to Woods's full medical records, which might have enabled Dr. Ripka to verify Woods's subjective complaints.  The ALJ noted further that Dr. Ripka's diagnosis of fibromyalgia was unsupported by a physical examination and that Dr. Ripka's diagnosis of "pain" failed to meet the requirement of showing an actual medically determinable impairment.  In contrast with Dr. Ripka's opinion, the ALJ also pointed to record evidence showing that Woods's pain was well-controlled by medication.

Substantial evidence also supports the ALJ's decision to give "no significant weight" to the medical opinions of Dr. Wilson (a one-time examining psychologist).  Like the ALJ's discussion of Dr. Ripka, the ALJ noted that Dr. Wilson had been hired by Woods's attorney but also articulated several other reasons for giving little weight to Dr. Wilson's opinion.  The ALJ said it appeared Dr. Wilson was never provided a full copy of Woods's medical records, which would have provided a more accurate basis for evaluating Woods.  Instead, Dr. Wilson based his opinion on select medical-record summaries, the accuracy of which was unknown.

The ALJ also noted inconsistences between Dr. Wilson's opinion, other medical records, and Woods's own reported activities.  Among other things, the ALJ found "most staggering" Dr. Wilson's opinion -- without explanation or elaboration -- that Woods was likely to miss 25 out of 30 days of work per month: an opinion that conflicted with Woods's testimony that she could care

for herself and her pet, drive to church and to the store, prepare meals, and do household chores. Again, Woods raises no challenge to these other reasons articulated by the ALJ.

Because Dr. Ripka's and Dr. Wilson's opinions were not based on a review of Woods's complete and accurate medical records, were unsupported by objective medical evidence or explanation, and were inconsistent with the record as a whole, the ALJ was entitled to give those opinions less weight. *See* 20 C.F.R. §§ 404.1527(c)(3), (c)(4), (c)(6), 416.927(c)(3), (c)(4), (c)(6).

Substantial evidence supports the ALJ's assessment of Woods's RFC and Commissioner's denial of DIB and SSI benefits; we affirm.

AFFIRMED.