[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13697
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00029-JEO

MARTHA EVERETT,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 19, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Martha Everett appeals the order of the district court affirming the Social Security Administration's ("SSA") denial of her application for disability insurance benefits. On appeal, she argues that the administrative law judge ("ALJ") erred in giving partial weight to the opinion of her treating neurologist, Dr. Richard Diethelm, and discounting his opinions regarding her functional capabilities and the side effects of her medication. Everett contends that the ALJ also improperly substituted his opinion regarding Everett's functional capacity for the opinions of psychologist Dr. David Wilson, who examined her on one occasion, and social worker Dave Harvey. Finally, she argues that the ALJ's decision was not supported by substantial evidence because it was based on the testimony of a vocational expert ("VE"), which was itself based on a hypothetical that did not include all of Everett's limitations.

## I.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (*per curiam*). "Substantial evidence is more than a scintilla and is such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). We do not reweigh the evidence, make credibility determinations, or substitute our judgment for that of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1211, 1213 (11th Cir. 2005) (*per curiam*).

Eligibility for disability insurance benefits requires that the claimant is under a disability. 42 U.S.C. § 423(a)(1)(E). In order to determine whether a claimant is disabled, the Commissioner applies a five-step sequential evaluation. 20 C.F.R. § 404.1520(a)(4). This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a listed impairment and meets the duration requirements; (4) is unable to perform her past relevant work, in light of her residual functional capacity ("RFC"); and (5) cannot make an adjustment to other work, in light of her RFC, age, education, and work experience. *Id.*

When evaluating an applicant's claim for social security disability benefits, the ALJ must give "substantial weight" to the opinion of the applicant's treating physician "unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). This is particularly true where treatment has been over a considerable period of time.

3

*Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (*per curiam*).  However, the length of the relationship is only one factor used to determine the weight given to a medical opinion.  *See* 20 C.F.R. § 404.1527(c).

"'Good cause' [to discount a physician's opinion] exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and the failure to do so is reversible error.  *Callahan*, 125 F.3d at 1440.

The Commissioner, not a physician, is responsible for determining a claimant's RFC and whether a claimant is statutorily disabled.  20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).  "A statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled."  *Id.* §§ 404.1527(d)(1), 416.927(d)(1).

Issues not briefed on appeal are deemed abandoned.  *Carmichael v. Kellogg, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009).

4

Here, the ALJ did not err in giving partial weight to Dr. Diethelm's opinion. First, the ALJ gave good cause for giving only partial weight to Dr. Diethelm's opinion, and Everett does not argue that the ALJ's proffered "good cause" was not supported by the record, so she has abandoned any argument to that point. In any event, nothing in Dr. Diethelm's records supports his conclusions about Everett's functional capabilities. His records show that on the two occasions that Everett complained of side effects, he adjusted her medication, and she did not continue to complain of those side effects at future visits. Moreover, the portions of Dr. Diethelm's records that mention Everett's function capabilities were merely describing Everett's self-reported limitations, and the ALJ determined that Everett was not credible as to her reporting the frequency or severity of her symptoms. Finally, the remainder of the record belies the functional limitations mentioned in the opinion, including the fact that Everett was the caretaker for her mother and daughter, was dating, and was taking trips with friends and family. Accordingly, the record supports the ALJ's articulated good cause such that he did not err in assigning partial weight to Dr. Diethelm's opinion.

## II.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The Commissioner may reject any medical

5

opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

Opinions by one-time examiners are not entitled to deference or special consideration. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (*per curiam*). Similarly, opinions from individuals who are not acceptable medical sources are not entitled to deference or special consideration. 20 C.F.R. §§ 416.902(j), 416.913(a)(4), 416.927(f). Social workers are not "acceptable medical sources." *See* 20 C.F.R. § 416.902(a) (listing acceptable medical sources); SSR 06-03p, 2006 WL 2329939 at *2 (S.S.A. Aug. 9, 2006) (stating that licensed clinical social workers are not acceptable medical sources).

Here, the ALJ's determination of Everett's functional capacity was an appropriate role in determining an issue that was reserved for the Commissioner; it was not a substitution of his opinion for Harvey's and Dr. Wilson's. Neither Harvey's nor Dr. Wilson's opinions were entitled to special consideration or deference, because Harvey was a social worker and not an "acceptable medical source," and Dr. Wilson only saw Everett once and was not a "treating physician." Additionally, both Harvey's and Dr. Wilson's notes and objective findings contradict their opinions. Finally, the other objective medical evidence in the record contradict those opinions. For these reasons, the ALJ did not err in assigning only partial weight to those opinions.

6

III.

At the fifth step of the disability inquiry, the ALJ determines whether the claimant can perform other work in light of the claimant's RFC, age, education, and work experience. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*per curiam*). As part of this determination, the ALJ must consider the effect of the claimant's medications on her ability to work. *See Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981) (concluding that the ALJ "failed in his duty to develop the record fully because he neither elicited testimony nor made any findings regarding the effect of [the claimant's] prescribed medication on her ability to work"). For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. *Winschel*, 631 F.3d at 1180. "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (quotation marks and citation omitted). The ALJ is not required to include findings in the hypothetical that the ALJ properly has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (*per curiam*).

Here, the ALJ did not err in relying on the VE's testimony. The hypothetical posed to the VE encompassed all of the impairments that the ALJ found in determining Everett's RFC. Everett does not challenge the RFC determination on

7

appeal, so she has abandoned any argument that the determination was unsupported by the record.  In any event, the only evidence that she points to as indicating any limits beyond those stated in the hypothetical are the opinions of Harvey, Dr. Diethelm, and Dr. Wilson, which were properly discounted by the ALJ as contrary to the record.  Because the hypothetical to the VE included all impairments supported by the record, the ALJ properly relied on that testimony, so we affirm.

**AFFIRMED.**